

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 21, 2022**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER 11 |
| LWO ACQUISITIONS COMPANY LLC, | ) | |
| d/b/a CIRCUITRONICS, INC., | ) | CASE NO. 22-40256-elm11 |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE
CHAPTER 11 PLAN FOR LWO ACQUISITIONS COMPANY LLC,
<u>D/B/A CIRCUITRONICS, INC.</u>**

On April 21, 2022, the Court held a combined hearing (the "<u>Combined Hearing</u>") to consider the final approval of the *Debtor's Disclosure Statement for Chapter 11 Plan of Liquidation for LWO Acquisitions Company LLC d/b/a Circuitronics, Inc.* [Docket No. 42] (collectively with all exhibits and any other modifications, amendments or supplements, the "<u>Disclosure Statement</u>") and confirmation of the *Chapter 11 Plan of Liquidation for LWO Acquisitions Company LLC d/b/a Circuitronics, Inc.* [Docket No. 41] (collectively with and

including all modifications, amendments or supplements, including the Plan Supplement [Docket No. 83], Nonmaterial Modifications (as hereinafter defined), and modifications/clarifications included in paragraphs 6, 7, and 8 of this Order, the "Plan").[1]

On March 10, 2022, the Court entered its *Order (A) Conditionally Approving Disclosure Statement; (B) Scheduling Confirmation Hearing on Final Approval of Disclosure Statement and Confirmation of Plan, and Setting Related Deadlines; (C) Approving Forms for Voting and Notice; and (D) Granting Related Relief* [Docket No. 72] (the "Conditional Approval and Solicitation Order"), establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, fixing deadlines for objections to the Plan, approving certain notices to Creditors and parties-in-interest, and setting a date for the Combined Hearing on **April 21, 2022 at 1:30 p.m. (Central Time).**

The Conditional Approval and Solicitation Order approved the following documents (collectively the "Solicitation Materials") to be served on Creditors entitled to vote on the Plan:

a) the Plan;

b) the Disclosure Statement;

c) the Conditional Approval and Solicitation Order;

d) a Notice ("Confirmation Hearing Notice") reflecting the deadlines and other information relating to confirmation of the Plan; and

e) a letter ("Debtor Letter") from counsel for the Debtor relating to the confirmation of the Plan.

The Conditional Approval and Solicitation Order also approved and authorized the Debtor to send only the Confirmation Hearing Notice (and not the full Solicitation Materials) on the holders of Claims and equity Interests in classes not entitled to vote on the Plan (i.e., those in Classes 1, 2 and 5).

---

[1] Any capitalized terms not defined herein shall be given the meaning ascribed to them in the Plan.

The only objection to confirmation of the Plan was filed by the U.S. Trustee [Docket No. 58]. Such objection has been resolved and was withdrawn on the record at the Combined Hearing. No objections were filed by any other party. However, in resolution of certain informal objections or requests relating to Class 2 Claims asserted by Dallas County, the City of Irving, the City of Farmers Branch, the Parkland Hospital District, the Community College District, and the Valwood Improvement Authority (collectively, the "Tax Authorities"), to the Class 7 Claim asserted by NL Ventures IX Hurd, L.L.C. (the "Hurd Landlord"), and to Class 7 General Unsecured Claims, generally, the Debtor has agreed to certain plan modification/clarification language as set forth in paragraphs 6, 7 and 8 of this Order, respectively.

The Combined Hearing was commenced at the time and date scheduled. Based on the testimony, exhibits, and proffered evidence presented, judicial notice of the record of this Bankruptcy Case, and the arguments of counsel, the Court makes these *Findings of Fact, Conclusions of Law, and Order Confirming the Chapter 11 Plan for LWO Acquisitions Company LLC d/b/a Circuitronics, Inc.* ("Order") relating to the Plan.

ACCORDINGLY, IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

A.   *Findings and Conclusions*. All findings of fact or conclusions of law made by the Court on the record at the Combined Hearing are hereby incorporated in their entirety into this Order. The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 as made applicable herein by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   *Jurisdiction; Venue; Core Proceeding*. The Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. sections 157(b) and 1334. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. sections 1408 and 1409. Confirmation of the

Plan is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (L) and (O) over which the Court has jurisdiction and full constitutional authority to enter a final order.

C.    *Judicial Notice*.  The Court hereby takes judicial notice of the docket of this Bankruptcy Case and all adversary proceedings arising out of this case and maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings, stipulations and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of this Bankruptcy Case.

D.    *Eligibility for Relief*.  The Debtor qualified for relief as a "debtor" pursuant to section 109 of the Bankruptcy Code.[2]  The Debtor is the proponent of the Plan in accordance with section 1121 of the Bankruptcy Code.

E.    *Commencement of the Debtor's Case*.  This Bankruptcy Case was commenced on February 2, 2022.  No trustee or examiner has been appointed in this Bankruptcy Case and Debtor has acted, at all times, as a debtor-in-possession.

F.    *No Official Committee of Unsecured Creditors*.  The U.S. Trustee has not appointed an official committee of unsecured creditors in this Chapter 11 Case.

G.    *Claims Bar Date*.  The deadline for all holders of alleged Claims (except for governmental units) to file proofs of Claim is June 7, 2022.  The Debtor has not filed a motion requesting an order extending the Bar Date for the holders of alleged Claims.

H.    *Burden of Proof*.  The Debtor has the burden of proving all applicable requirements for confirmation of the Plan under section 1129 of the Bankruptcy Code by a preponderance of the evidence.  The Court finds that the Debtor has met such burden in relation to each element of confirmation.  The testimony of the witnesses presented in support

---

[2] Unless otherwise indicated, section references are to the United States Bankruptcy Code, Title 11 of the United States Code.

of confirmation of the Plan was credible and believable on the subjects and issues for which such testimony was offered.

        I.     *Transmittal and Mailing of Solicitation Materials; Notice*. Due, adequate, and sufficient notice of the Plan, Disclosure Statement and Combined Hearing, together with all deadlines for voting on the Plan and for objecting to confirmation of the Plan, has been given to known holders of Claims and Interests and, to the extent required, to all other known parties-in-interest, in compliance with the applicable Bankruptcy Rules. The deadlines relating to the confirmation of the Plan, including the solicitation of acceptances of the Plan, are set forth in the Conditional Approval and Solicitation Order and Confirmation Hearing Notice. The Conditional Approval and Solicitation Order directed the Debtor to serve the Solicitation Materials on holders of Claims in Classes 3, 4, 6 and 7. The Debtor has filed a *Certificate of Service* [Docket No. 81] ("Solicitation Certificate of Service") reflecting the service of the Solicitation Materials upon the holders of Claims in Classes 3, 4, 6 and 7.[3] The Confirmation Hearing Notice [Docket No. 76] also contains a certificate of service (the "Confirmation Hearing Notice Certificate of Service", the Solicitation Certificate of Service and the Confirmation Hearing Notice Certificate of Service are collectively referred to as "Certificates of Service"). Based upon the Certificates of Service, once the Disclosure Statement and the Solicitation Materials were served on Creditors, the Debtor was entitled to solicit Ballots accepting the Plan.

        J.     *Appropriate Notice*. Based upon the service of notice reflected in the Certificates of Service, full adequate and timely notice of the confirmation process and associated deadlines and hearings has been given to all Creditors and parties-in-interest.

        K.     *Adequacy of Solicitation Procedures*. All procedures used to serve and distribute the Solicitation Materials to the holders of Claims and Interests potentially entitled to vote on the Plan and to tabulate the Ballots returned by such holders of Claims and Interests were fair and

---

[3] As well as the inadvertent service on holders of Claims in non-voting Classes.

were conducted in good faith in accordance with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, and the Conditional Approval and Solicitation Order.  Votes for

acceptance or rejection of the Plan were solicited and cast in good faith, and only after

transmittal of the Disclosure Statement, and the Solicitation Materials, which contain adequate

information, and are otherwise in compliance with sections 1125 and 1126 of the Bankruptcy

Code, Bankruptcy Rules 3017 and 3018, and N.D. Tex. L.B.R. 3018-1.  The solicitation

procedures by the Debtor comply with and satisfy the applicable requirements of the Bankruptcy

Code and the Bankruptcy Rules.

   L. *Good Faith Solicitation – Section 1125(e)*.  Based on the record before the Court

in this Bankruptcy Case, the Debtor and its Professionals have acted in good faith within the

meaning of sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, and the Conditional Approval and Solicitation

Order, in connection with all of their respective activities relating to the solicitation of

acceptances of the Plan and their participation in the activities described in section 1125, and

are entitled to the protections afforded by section 1125(e).

   M. *Voting Tabulation*.  The Voting Deadline pursuant to the Conditional Approval

and Solicitation Order for casting Ballots to accept or reject the Plan has passed.  The Debtor

has tabulated the Ballots submitted by all Classes entitled to vote in connection with the Plan

and which is reflected in the *Tabulation of Ballots in Connection with Confirmation of LWO*

*Acquisitions Company LLC d/b/a Circuitronics, Inc.'s Chapter 11 Plan of Liquidation* [Docket No.

87] ("Ballot Tabulation").  No objection has been made to the Ballot Tabulation.  The Court

accepts the Ballot Tabulation as accurately reflecting the Ballots cast to accept or reject the

Plan by the Classes entitled to vote on the Plan.  The Court notes, however, that the Ballot

Tabulation incorrectly reflects Class 4 as an unimpaired Class not entitled to vote.  Because the

Plan, Disclosure Statement, and Conditional Approval and Solicitation Order state otherwise

(*i.e.*, that Class 4 is impaired and that the holders of Claims therein are entitled to vote), the Court finds that Class 4 must be treated as an impaired Class entitled to vote.

N. *Classes Deemed to Have Accepted or Rejected the Plan*. As set forth in the Plan and Disclosure Statement, Classes 1, 2, and 5 are unimpaired and are conclusively deemed to have accepted the Plan pursuant to section 1126(f).

O. *Impaired Classes of Creditors Voting to Accept or Reject the Plan*. Based upon the Ballot Tabulation, the Court finds that the following Impaired Classes have voted on the Plan as follows:

(i) Class 3 (Gladstone Secured Claim) voted to accept the Plan as follows:

|  | Ballots Accepting | | Ballots Rejecting | |
|---|---|---|---|---|
| Class 3 | Amount | Number | Amount | Number |
|  | $24,248,341.91 100% | 1 100% | $0.00 0.00% | 0 0.00% |

(ii) Class 6 (Critical Vendor Claims) voted to accept the Plan as follows:

| Ballots Accepting | | Ballots Rejecting | |
|---|---|---|---|
| Amount | Number | Amount | Number |
| $226,761.68 100% | 8 100% | $0.00 0.00% | 0 0.00% |

(iii) Class 7 (General Unsecured Claims) voted to accept the Plan as follows:

| Ballots Accepting | | Ballots Rejecting | |
|---|---|---|---|
| Amount | Number | Amount | Number |
| $15,000.00 100% | 6 100% | $0.00 0.00% | 0 0.00% |

In relation to Class 4, and notwithstanding any language therein to the contrary, because no votes were cast by any holders of Class 4 Claims, Class 4 has not voted to accept the Plan.

Based on the foregoing, and as evidenced by the Ballot Tabulation, at least one Impaired Class of Claims (excluding the acceptance by any Insiders of the Debtor) has voted to

accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

P.     *Plan Modifications*.  After the entry of the Conditional Approval and Solicitation Order, but before the Combined Hearing, the Debtor filed the *Notice of Nonmaterial Modifications to Debtor's Chapter 11 Plan of Liquidation* [Docket No. 84] (the "Nonmaterial Modifications") to reflect an agreed modification to an existing paragraph of the Plan to provide the name and compensation package of the Plan Administrator as well as a succession plan in the event of his death. The Debtor made these nonmaterial changes to resolve issues raised by the United States Trustee.  The Nonmaterial Modifications, Plan Supplement and all additional modifications/clarifications included in paragraphs 6, 7 and 8 of this Order are collectively referred to as the "Plan Modifications".  All of the Plan Modifications are of a nonmaterial nature such that, pursuant to section 1127(d) of the Bankruptcy Code, all votes cast in relation to the original Plan are of equal force and effect to the final Plan as modified by the Plan Modifications. The original Plan, Plan Modifications, Plan Supplement, and modification/clarification provisions of paragraphs 6, 7 and 8 of this Order are collectively referred to as the "Plan Documents".

Q.     *Compliance with Fed. R. Bankr. P. 3016*.  The Plan is dated and identifies the Debtor and the proponent, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).  Further, the Plan provides for the Temporary Plan Injunction (as defined herein), which constitutes an injunction against conduct not otherwise enjoined under the Bankruptcy Code.  The Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, including with respect to the Temporary Plan Injunction, thereby satisfying Bankruptcy Rule 3016(c).

R.     *Compliance with Fed. R. Bankr. P. 3017*.  The Debtor has given notice of the Combined Hearing as required by the applicable provisions of Bankruptcy Rule 3017 and the Conditional Approval and Solicitation Order.  The materials transmitted and notice given by the

Debtor to holders of Claims and Interests entitled to vote on the Plan and the materials transmitted by the Debtor to holders of non-voting Claims and Interests and other parties-in-interest satisfy the applicable provisions of Bankruptcy Rules 3017(d)-(f) and the Conditional Approval and Solicitation Order. Therefore, the requirements of Bankruptcy Rule 3017 have been satisfied.

S. *Compliance with Fed. R. Bankr. P. 3018*. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all holders of Claims and Interests entitled to vote or provisionally allowed to vote on the Plan, sufficient time was prescribed for such parties to accept or reject the Plan, and the Solicitation Materials used and solicitation procedures followed comply with sections 1125 and 1126, thereby satisfying the requirements of Bankruptcy Rule 3018. Further, the Debtor has filed the Ballot Tabulation at least one day prior to the Combined Hearing, thereby satisfying N.D. Tex. L.B.R. 3018-1.

T. *Plan Objections*. No objections to confirmation of the Plan were filed by any party that were not withdrawn before the conclusion of the Combined Hearing. However, the Debtor has resolved a number of potential issues relating to Class 2 Claims asserted by Tax Authorities and the Class 7 Claim asserted by the Hurd Landlord, as set forth in paragraphs 6 and 7 of this Order, respectively.

U. *The Record*. The record established at the Combined Hearing (the "Record") to support confirmation of the Plan includes:

(i) All exhibits admitted into evidence at the Combined Hearing, including but not limited to admitted exhibits listed on the *Debtor's Witness and Exhibit List in Connection with the Hearing Set for April 21, 2022* [Docket No. 88] filed by the Debtor with the Court on April 18, 2022;

(ii) The Ballot Tabulation;

(iii) The testimony of witnesses; and

(iv) The statements and arguments of counsel.

V.      _Transfer and Vesting of Assets_.  Pursuant to Article VI of the Plan, in exchange for a portion of Gladstone's Allowed Class 3 Secured Claim, Gladstone's subsidiary, Lonestar EMS, LLC ("_Lonestar_"), shall (a) acquire the Business Assets free and clear of all liens, claims, interests, and encumbrances unless otherwise provided for herein or in the APA; (b) establish the General Unsecured Claims Fund; and (c) assume certain liabilities of the Debtor and the Estate as more specifically set forth in the APA.  As of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the Excluded Assets, as such term is defined in the APA, shall vest in the Liquidating Debtor, free and clear of all rights, title, interests, claims, liens, encumbrances, and charges, except as expressly set forth in the Plan.

W.      _Claim Objections and Resolutions_.  Pursuant to the Plan, the Liquidating Debtor through the Plan Administrator has the sole power and exclusive standing and authority to object to any Claim.  Without limiting the generality of the foregoing, the Liquidating Debtor shall have the power:  (i) to object to any Claim on any legal or equitable basis; (ii) to seek subordination of any Claim on any legal or equitable basis; (iii) to assert any right of setoff or recoupment, including without limitation, any such right pursuant to section 553 of the Bankruptcy Code; (iv) to assert any and all Estate Defenses to any Claim, whether legal or equitable, including any affirmative defenses or any right of setoff; (v) to assert all Estate Claims as a counterclaim against any Claim, whether arising out of the same or different transactions, both for an affirmative recovery and as an offset against any such Claim; and (vi) to object to any Claims on the basis of section 502(d).  Vesting such exclusive power and standing in the Liquidating Debtor is reasonable and appropriate, and is authorized by, and in compliance with, section 1123(b)(3) of the Bankruptcy Code.

X.      _Plan Compliance with Bankruptcy Code_. The Plan complies with the applicable provisions of the Bankruptcy Code, including the following:

(i)      _Section 1129(a)(1) – Compliance of the Plan with the Applicable Provisions of the Bankruptcy Code_.  The Plan complies with all applicable provisions of the

Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.

(a) _Sections 1122 and 1123(a)(1) – Proper Classification_. The classification of Claims and Interests in the Plan is proper under the Bankruptcy Code. Pursuant to sections 1122(a) and 1123(a)(1), the Plan provides for the separate classification of Claims and Interests into eight (8) Classes (Class 1, Class 2, Class 3, Class 4, Class 5, Class 6, Class 7, Class 8), based on differences in the legal nature and priority of such Claims and Interests (other than Claims for Administrative Expenses, Priority Tax Claims and U.S. Trustee's quarterly fees, which are not required to be designated as separate Classes pursuant to section 1123(a)(1)). Based upon the Record, valid business, factual and legal reasons exist for the separate classification of the various Classes of Claims and Interests created under the Plan, the classifications were not created for any improper purpose and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Interests. In accordance with section 1122(a), each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. Accordingly, the requirements of sections 1122(a) and 1123(a)(1) of the Bankruptcy Code have been satisfied.

(b) _Section 1123(a)(2) – Specification of Unimpaired Classes_. The Plan specifies that Claims in Class 1, 2, and 5 are unimpaired under the Plan. Therefore, the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

(c) _Section 1123(a)(3) – Specification of Treatment of Impaired Classes_. Other than Classes 1, 2, and 5, all Classes of Claims and Interests (Classes 3, 4, 6, and 8) are Impaired under the Plan. The Plan specifies the treatment of each Impaired Class of Claims and Interests under the Plan. The treatment of Impaired Classes of Claims and Interests is specified in Article IV of the Plan. Therefore, the requirements of section 1123(a)(3) of the Bankruptcy Code have been satisfied.

(d)     *Section 1123(a)(4) – No Discrimination*.  The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Therefore, the requirements of section 1123(a)(4) of the Bankruptcy Code have been satisfied.

(e)     *Section 1123(a)(5) – Adequate Means for Plan Implementation*. The Plan provides for adequate and proper means for the Plan's implementation, including the means for implementation set forth in Article VI of the Plan.  Therefore, the requirements of section 1123(a)(5) of the Bankruptcy Code have been satisfied.

(f)     *Section 1123(a)(6) – Prohibition on Issuance of Non-Voting Securities*.  The Debtor's organizational documents provide for only one class of equity interests, which are all voting interests, and thus section 1123(a)(6) is satisfied

(g)     *Section 1123(a)(7) – Selection of Officers, Directors and Trustees*. The Plan provides that from and after the Effective Date, the Liquidating Debtor shall be managed by the Plan Administrator and includes provisions for the selection of a successor Plan Administrator in the event the current Plan Administrator becomes unwilling or unable to serve.  Such provisions are consistent with the interests of creditors, equity interest holders, and public policy.  Therefore, the requirements of section 1123(a)(7) of the Bankruptcy Code have been satisfied.

(h)     *Section 1123(a)(8) – Payment of Individual Debtor's Earnings*. The Debtor is not an individual.  Therefore, section 1123(a)(8) of the Bankruptcy Code is inapplicable.

(i)     *Section 1123(b) – Discretionary Contents of the Plan*.  The Plan contains various provisions that are properly construed as discretionary and not required for confirmation of the Plan under the Bankruptcy Code.  As set forth below, all such discretionary provisions comply with section 1123(b) of the Bankruptcy Code, are not inconsistent with the

applicable provisions of the Bankruptcy Code and are hereby approved.  Therefore, section 1123(b) of the Bankruptcy Code has been satisfied.

(1)    *Section 1123(b)(1) – Impairment / Unimpairment of Claims and Interests*.  The Plan impairs or leaves unimpaired each Class of Claims and Interests.  Therefore, the Plan is consistent with section 1123(b)(1) of the Bankruptcy Code.

(2)    *Section 1123(b)(2) – Assumption / Rejection of Executory Contracts and Unexpired Leases*.  Article X of the Plan provides that all of the Debtor's Executory Contracts and Unexpired Leases shall be deemed rejected upon the Effective Date unless an Executory Contract or Unexpired Lease (a) has been previously assumed or rejected pursuant to an order of the Court, (b) is identified in the Plan or this Order to be assumed, or (c) is the subject of a motion to assume filed on or before the Confirmation Date.  Therefore, the Plan is consistent with section 1123(b)(2) of the Bankruptcy Code.

(3)    *Section 1123(b)(3) – Settlement / Retention of Claims and Causes of Action*.  The Debtor has delineated the Estate Claims to be released as of the Effective Date of the Plan and for Estate Defenses to be retained in the Plan.  The term "Estate Defenses" is defined in section 1.38 of the Plan and includes all defenses, affirmative defenses, counterclaims, or offsets by the Debtor's Estate against any Person, including but not limited to any Creditor.  The identification and release of Estate Claims and identification and retention of Estate Defenses in the Plan is reasonable and appropriate and reflects a proper exercise of the good faith business judgment of the Debtor.  Article VIII of the Plan contains a specific and unequivocal release of Estate Claims and a specific and unequivocal reservation of Estate Defenses as required under applicable Fifth Circuit authority.[4]  The Estate Claims are expressly, specifically, and unequivocally released and the Estate Defenses are expressly, specifically, and unequivocally retained, reserved, and preserved pursuant to Articles VIII of the Plan in

---

[4] *In re Texas Wyoming Drilling, Inc.,* 647 F.3d 547 (5th Cir. 2011); *In re United Operating, L.L.C.,* 540 F.3d 351 (5th Cir. 2008).

accordance with section 1123(b)(3)(B) of the Bankruptcy Code. Unless otherwise expressly stated in the Plan or this Order, all Estate Defenses are hereby retained, reserved and preserved for the benefit of the Liquidating Debtor. The provisions of the Plan regarding the release of Estate Claims and retention, reservation and preservation Estate Defenses are appropriate and in the best interests of the Debtor, the Estate, and holders of Claims and Interests.

(4) *Section 1123(b)(4) – Sale of Substantially All Assets of the Debtor*. The Plan provides for the sale of all or substantially all of the property of the estate, and the distribution of the proceeds of such sale among holders of claims or interests pursuant to Articles III, IV, and VI of the Plan. Accordingly, the Plan is consistent with section 1123(b)(4) of the Bankruptcy Code

(5) *Section 1123(b)(5) – Modification of Creditors' Rights*. With the exception of holders of Class 1, 2, and 5 Claims, which are in unimpaired Classes, the Plan modifies the rights of all holders of Claims against the Debtor. Accordingly, the Plan is consistent with section 1123(b)(5) of the Bankruptcy Code.

(6) *Section 1123(b)(6) – Additional Plan Provisions*. The Plan's additional provisions are appropriate and are not inconsistent with the applicable provisions of the Bankruptcy Code.

(j) *Satisfaction of section 1123(a) and (b)*. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan, the administration of the Debtor's estate, and the making of Distributions to holders of Allowed Claims. Therefore, the Plan satisfies the requirements of sections 1123(a) and (b). Sections 1123(c) and (d) are not applicable to the Plan.

(ii) *Section 1129(a)(2) – Compliance of the Debtor with the Applicable Provisions of the Bankruptcy Code*. The Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the

Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1127 and 1128 of the

Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019. Votes to accept or reject the

Plan were solicited after the Court approved the Disclosure Statement. The Debtor and its

present and former representatives, advisors, attorneys, professionals and agents have solicited

and tabulated the votes on the Plan and have participated in the activities described in section

1125 of the Bankruptcy Code fairly and in good faith within the meaning of section 1125(e) of

the Bankruptcy Code, and in a manner consistent with the applicable provisions of the

Conditional Approval and Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and

all other applicable rules, laws and regulations, and are entitled to the protections afforded by

section 1125(e) of the Bankruptcy Code. The Debtor and its present and former

representatives, advisors, attorneys, professionals and agents have participated in good faith

and in compliance with the applicable provisions of the Bankruptcy Code with respect to the

offering, issuance and distribution of recoveries under the Plan and, therefore, are not (and on

account of such distributions, will not be) liable at any time for the violation of any applicable

law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or

distributions made pursuant to the Plan, so long as distributions are made consistent with and

pursuant to the Plan.

      (iii)        *Section 1129(a)(3) – Proposal of the Plan in Good Faith*. The Debtor has

proposed the Plan (and all other agreements, documents and instruments necessary to

effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying

section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in

good faith, the Court has examined and considered the totality of the circumstances surrounding

the formulation of the Plan, including both the Record at the Combined Hearing and the record

of the Bankruptcy Case. The Debtor proposed the Plan for legitimate and honest purposes.

      (iv)        *Section 1129(a)(4) – Court Approval of Certain Payments as Reasonable*.

All payments made by the Liquidating Debtor under the Plan for services or for costs and

expenses incurred prior to the Combined Hearing in or in connection with this Bankruptcy Case or in connection with the Plan and incident to this Bankruptcy Case, have either been approved or are subject to final approval of the Court pursuant to the terms of the Plan, thereby satisfying section 1129(a)(4).

(v)     *Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy*.  Under the Plan, the management of the Liquidating Debtor will be exclusively vested in the Plan Administrator or a successor Plan Administrator, whose engagement shall be consistent with the terms expressed in the Nonmaterial Modifications, subject to any usual and customary fee increases charged by the Plan Administrator to all of its clients.  The identity and affiliation of the person proposed to serve as the Liquidating Debtor's Plan Administrator after the Effective Date of the Plan has been disclosed and the appointment of a Plan Administrator is consistent with the interests of creditors, equity security interest holders, and public policy.  Therefore, the requirements of section 1129(a)(5) of the Bankruptcy Code are satisfied.

(vi)     *Section 1129(a)(6) – No Rate Changes*.  The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commissions and will not require governmental regulatory approval.  Therefore, section 1129(a)(6) is not applicable to the Bankruptcy Case.

(vii)     *Section 1129(a)(7) – Best Interest of Creditors Test*.  The Plan satisfies section 1129(a)(7).  The Liquidation Analysis attached as Exhibit C to the Plan Supplement and the other exhibits and evidence proffered or adduced at the Combined Hearing related thereto: (a) are persuasive and credible; (b) have not been controverted by other evidence; (c) are based upon sound methodology; and (d) conclusively establish that each holder of an Impaired Claim or Interest either (1) has accepted the Plan, or (2) will receive or retain under the Plan, on account of such holder's Claim or Interest, property of a value, as of the Effective Date, that is

not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date. Consequently, the requirements of section 1129(a)(7) are satisfied.

(viii) *Section 1129(a)(8) – Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of Plan by Certain Impaired Class; Deemed Rejection of Plan by Impaired Class; Non-Acceptance by Impaired Class*. Class 1, 2, and 5 are unimpaired under the Plan and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 3, 6, and 7 are Impaired under the Plan and have voted unanimously to accept the Plan. Class 8 (Interests) is Impaired under the Plan and deemed to have rejected the Plan under section 1126(g). Class 4 is Impaired under the Plan and because no votes were cast by any holders of Claims within Class 4, Class 4 has not accepted the Plan. Therefore, the requirements of section 1129(a)(8) have not been satisfied and the Debtor has sought confirmation with respect to Classes 4 and 8 pursuant to section 1129(b).

(ix) *Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code*. Article III of the Plan addresses the treatment of unclassified Claims. The treatment of Administrative Expenses under Section 3.01 of the Plan, Priority Tax Claims under section 3.02 of the Plan, and U.S. Trustee's Fees under section 3.03 of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9)(A), (B), (C) and (D) of the Bankruptcy Code.

(x) *Section 1129(a)(10) – Acceptance by at Least One Impaired Class*. As set forth in the Ballot Tabulation and in this Order, Classes 3, 6, and 7 unanimously voted to accept the Plan. As such, at least one Class of Claims that is Impaired under the Plan has accepted the Plan without including the acceptance of the Plan by any Insider. Therefore, the requirements of section 1129(a)(10) of the Bankruptcy Code have been satisfied.

(xi) *Section 1129(a)(11) – Feasibility of the Plan*. The evidence submitted at the Combined Hearing regarding feasibility, together with all evidence proffered or advanced at

or prior to the Combined Hearing, (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Liquidating Debtor. Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

(xii) *Section 1129(a)(12) – Payment of Bankruptcy Fees*. The Plan provides that all fees due and payable under 28 U.S.C. section 1930 as of the Confirmation Date will be paid in full on the Effective Date or as soon thereafter as is practicable, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

(xiii) *Sections 1129(a)(13), (14), (15) and (16) – Non-Applicability*. The Debtor does not provide any retiree benefits within the meaning of section 1114, does not owe any domestic support obligations, is not an individual, and is not a non-profit corporation. Thus, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) are inapplicable.

(xiv) *Section 1129(b) – Confirmation of the Plan Over Non-Acceptance of Impaired Classes*. Class 8 (Interests) is Impaired under the Plan and deemed to have rejected the Plan. There are no holders of any interests junior to Class 8 receiving or retaining property under the Plan. Therefore, the Court finds that the Plan's treatment of Class 8 is fair and equitable as contemplated by section 1129(b)(2)(C) of the Bankruptcy Code. Class 4 is Impaired under the Plan and no votes were cast by any holders of Claims within Class 4, resulting in Class 4 not accepting the Plan. Unless some other treatment is agreed upon in writing by the holder of a Class 4 Claim and the Liquidating Debtor, each Class 4 Claim will either be in full to the extent Allowed or the holder thereof will receive the collateral securing the Class 4 Claim. Therefore, the Court finds that the Plan's treatment of Class 4 is fair and equitable as contemplated by section 1129(b)(2)(A) of the Bankruptcy Code. In the case of both Class 8 and Class 4, having reviewed and considered the structure of the Plan and the classification and treatment of all other Claims and Interests, the Court finds that the Plan also

does not discriminate unfairly against either Class 8 or Class 4. Consequently, the requirements of section 1129(b) of the Bankruptcy Code are satisfied.

      (xv)    *Section 1129(c) – Only One Plan*. Other than the Plan, no other plan has been filed in the Debtor's Bankruptcy Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code are satisfied.

      (xvi)    *Section 1129(d) – Principal Purpose of the Plan is Not the Avoidance of Taxes*. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of application of Section 5 of the Securities Act of 1933 and there has been no filing by a Governmental Unit asserting any such attempted avoidance. Therefore, the requirements of section 1129(d) of the Bankruptcy Code are satisfied.

      (xvii)    *Section 1129(e) – Small Business Case*. The Debtor's Bankruptcy Case is not a "small business case," as that term is defined in the Bankruptcy Code and, accordingly, section 1129(e) is inapplicable.

      Y.    *Executory Contracts and Unexpired Leases*. The Debtor has satisfied the provisions of section 365 of the Bankruptcy Code with respect to the assumption and rejection of the Executory Contracts and Unexpired Leases pursuant the Plan. The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of the Executory Contracts and Unexpired Leases as set forth in Article X of the Plan. Upon the Effective Date, the assumption or rejection of each such Executory Contract or Unexpired Lease as reflected in, or subject to, Article X of the Plan shall be legal, valid and binding upon the Debtor, the Estate, the Liquidating Debtor and all non-debtor counterparties to each such Executory Contract or Unexpired Lease. Because no defaults exist under any Executory Contracts or Unexpired Leases to be assumed through the Plan, the Liquidating Debtor is not required to make any cure payments, provide any other compensation, cure any nonmonetary defaults, or provide adequate assurance of future performance under section 365(b) of the Bankruptcy Code as a condition to the assumption of such Executory Contracts and Unexpired

Leases. Any Rejection Claim based upon an Executory Contract or Unexpired Lease rejected by the Debtor pursuant to the Plan must be timely filed in accordance with section 10.03 of the Plan and, if timely filed, will be administered and treated as a Class 7 Claim. Except as otherwise ordered by the Court, or agreed in writing by the Liquidating Debtor, objections to any Rejection Claim shall be handled and resolved based on the procedures set forth in the applicable provision of the Plan.

Z. _Compromise and Settlement_. The Court finds and concludes that, pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019:

(i) Plan Settlements. In consideration of the Distributions and other benefits provided under the Plan, the provisions of the Plan, including the settlement and release provisions contained in sections 6.02 and 12.01 of the Plan, constitute a good faith compromise and settlement of all Impaired Claims and Interests. Such settlements and compromises, which were made at arms'-length and in exchange for good and valuable consideration, are in the best interests of the holders of Impaired Claims and Interests, are within the range of possible litigation outcomes, and are fair, equitable, and reasonable. Each element of the compromises and settlements reflected in the Plan is integrated and inexorably linked and necessary for the performance of the Plan.

(ii) The settlements and compromises in the Plan and this Order, including in section 6.02 and section 12.01 of the Plan are collectively referred to as the "Plan Settlement."

AA. _Plan Injunction_. The Plan Injunction is necessary and appropriate to facilitate the transactions and distributions to Creditors pursuant to the Plan. The Plan Injunction constitutes an essential and integral part of the Plan without which the holders of Claims against the Debtor could potentially interfere with implementation and performance of the Plan. The Plan Injunction protects the best interests of the holders of Allowed Claims and facilitates the efficient performance of the Plan. Consequently, the Plan Injunction is appropriate pursuant to sections 105(a) and 1123(a)(5) of the Bankruptcy Code.

BB. *Retention of Jurisdiction*. This Court finds and concludes that this Court's retention of jurisdiction as set forth herein and in the Plan comports with 28 U.S.C. sections 157 and 1334. Consequently, the Court may properly retain jurisdiction under the terms set forth in Article XIII of the Plan; provided, however, that nothing herein shall prevent the Court from hereafter making a determination that the Court lacks jurisdiction or should abstain from exercising jurisdiction of any proceeding in accordance with the provisions of title 28 of the United States Code.

CC. *Implementation of Other Necessary Documents and Agreements*. All documents and agreements necessary to implement the Plan are essential elements of the Plan and entry into and consummation of the transactions contemplated by each of such documents and agreements is in the best interests of the Debtor, the Estate, and holders of Claims and Interests. The Debtor has exercised reasonable business judgment in determining which agreements to enter into and has provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements have been negotiated in good faith, at arm's length, are fair and reasonable, and are reaffirmed and approved.

DD. *Conditions Precedent to the Effective Date*. Each of the conditions precedent to the Effective Date, as set forth in Article XI of the Plan, has been satisfied or waived in accordance with the provisions of the Plan, or is reasonably likely to be satisfied or waived.

EE. *Plan Modifications*. The Plan Modifications are hereby approved. The Plan Modifications do not affect the rights of any holders of Claims or Interests entitled to vote in a material way. Consequently, no additional disclosure or resolicitation is necessary.

FF. *Satisfaction of Confirmation Requirements*. Based upon the foregoing, all other filed pleadings, exhibits and documents filed in connection with confirmation of the Plan and all evidence and arguments made, proffered, or adduced at the Combined Hearing, the Debtor has

established by a preponderance of the evidence that the Plan satisfies the requirements for confirmation set forth in sections 1123 and 1129 of the Bankruptcy Code.

## ORDER

Based on the foregoing, it is hereby ORDERED:

1.       Findings of Fact and Conclusions of Law.  The above-referenced findings of fact and conclusions of law are incorporated by reference as though fully set forth herein.  To the extent any of the prior findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

2.       Objections to Confirmation of Plan.  All formal objections to confirmation of the Plan have been withdrawn.  All informal objections or requests in relation to confirmation of the Plan have been resolved pursuant to paragraphs 6, 7, and 8 of this Order.  Any other objections to confirmation of the Plan, formal or otherwise, are hereby overruled.

3.       Confirmation of Plan.  All requirements for confirmation of the Plan have been satisfied.  The Plan is hereby CONFIRMED in accordance with section 1129 of the Bankruptcy Code, and all terms and conditions set forth in the Plan are hereby APPROVED.  The terms of the Plan are incorporated by reference into, and as an integral part of, this Order.

4.       Solicitation and Notice.  Notice of the Confirmation Hearing complied with the terms of the Conditional Approval and Solicitation Order, was appropriate and satisfactory based on the circumstances of this Bankruptcy Case, and was in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  The solicitation of votes on the Plan and the Solicitation Procedures complied with the Conditional Approval and Solicitation Order, was appropriate and satisfactory based upon the circumstances of this Bankruptcy Case and was in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

5.       Plan Classification Controlling.  The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of distributions to be made thereunder.  The

classifications set forth on the Ballots tendered to or returned by the holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding upon the Debtor and the Liquidating Debtor except for voting purposes unless otherwise provided herein.

6.    <u>Treatment of Tax Authority Claims</u>.  The treatment of the pre-petition claims of the Tax Authorities as set forth in Section 4.02 of the Plan and in other documents is clarified and supplemented as follows:

(a)    the Tax Authorities' claims for year 2021 ad valorem business personal property taxes plus all accrued post-petition interest at the state statutory rate as provided in the Plan will be paid at the sale Closing with Lonestar assuming responsibility for all amounts ultimately owed for tax year 2022 ad valorem business personal property taxes and paying them in the ordinary course of business prior to the state law delinquency date; provided, nothing herein shall impact Lonestar's ability to protest or appeal any valuation and otherwise timely pursue any rights Lonestar may have under applicable law.

7.    <u>Treatment of the Hurd Landlord Claim</u>.  The Debtor and the Hurd Landlord have agreed to the treatment of the Hurd Landlord Claim as follows:

(a)    Hurd Landlord was the landlord of certain real property formerly leased by the Debtor located at 1920 Hurd Drive, Irving, Texas 75038, pursuant to that certain Lease Agreement (as amended, supplemented, or otherwise modified, including by side letters entered into from time to time, the "<u>Lease</u>"), dated as of December 19, 2014, and that was rejected effective as of the Petition Date by the Debtor pursuant to the *Order Granting Motion to Reject Real Property Lease for 1920 Hurd Drive, Irving, Texas 75038* [Docket No. 71] (the "<u>Rejection</u>

Order"). Pursuant to the Lease, the Debtor deposited or caused to be deposited with the Hurd Landlord a security deposit in the amount of $108,300 (the "Security Deposit") for the Debtor's full and faithful performance of the terms of the Lease. As a result of the Debtor's rejection of the Lease and the Debtor's failure to fully and faithfully perform under the Lease, the Hurd Landlord has incurred damages in excess of the amount of the Security Deposit (the "Hurd Claim"). Notwithstanding anything to the contrary herein or in the Plan, Disclosure Statement, or other Plan Documents, the Hurd Landlord shall be permitted to setoff any and all rejection damages and other amounts owed pursuant to the Hurd Claim to the Hurd Landlord as a result of the Debtor's rejection of the lease and the Debtor's failure to perform under the Lease against the Security Deposit. The Hurd Landlord may exercise its right of setoff upon entry of this Order without any further order from this Court or consent of the Debtor or the Liquidating Debtor. Notwithstanding the foregoing or anything herein or in the Plan, including, without limitation Section 10.03 of the Plan, the Disclosure Statement, or other Plan Documents to the contrary, the Hurd Landlord's right to assert any additional claims or damages arising from the Lease, the rejection of the Lease or otherwise by filing a proof of claim prior to the Bar Date as provided in the Rejection Order is expressly preserved.

8.   Treatment of General Unsecured Claims.  The treatment of the pre-petition claims of the General Unsecured Claims as set forth in Section 4.07 of the Plan and in other documents is clarified and supplemented as follows:

a.   Any Distribution to the holder of an Allowed General Unsecured Claim shall be made as soon as practicable but no later than seven (7) days after the Bar Date.

9.   Approval of Mr. Charles S. Deutchman as the Plan Administrator for the Liquidating Debtor.  The appointment of Mr. Charles S. Deutchman as the Plan Administrator for the Liquidating Debtor, effective as of the Effective Date, is hereby approved.  Mr. Deutchman shall be compensated pursuant to the terms set forth in section 6.07 of the Plan, as modified by

the Nonmaterial Modifications, which are fair and reasonable and hereby approved in all respects.

10.     <u>Plan Implementation</u>.  Upon the Effective Date of the Plan, the Debtor, through its Plan Administrator, and the Liquidating Debtor are hereby authorized and directed to take all actions necessary or appropriate to implement, effectuate or consummate the Plan, the terms of this Order and the transactions respectively contemplated therein, and to otherwise fully perform and execute their duties under the Plan or this Order.  Without limiting the generality of the foregoing, pursuant to section 1142(b) of the Bankruptcy Code, each and every Person (including, without limitation, the Debtor, Liquidating Debtor, Gladstone, and Lonestar), to the extent necessary, is hereby directed to execute or deliver, or to join in the execution or delivery of, any instrument required to effect the transfers of property dealt with under the Plan and this Order, and to perform all other acts necessary for the consummation of the Plan.  In the event of an appeal of this Order, the Debtor and the Liquidating Debtor are hereby authorized and directed to take all steps necessary to make the Plan effective and, from and after the Effective Date, execute their duties, responsibilities and obligations under the Plan, this Order and the Plan Documents unless and until this Order is stayed by order of a court of appropriate jurisdiction.

11.     <u>Restructuring Transactions</u>.  On the Effective Date or as soon as reasonably practicable thereafter, the Liquidating Debtor, through its Plan Administrator, may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan.

12.     <u>Approval of Plan Documents</u>.  The form and substance of the Plan Documents are all hereby APPROVED.  The Debtor, without the need for further corporate or other organizational action by or on behalf of the Debtor or further order or authorization of this Court, to take such actions and do all things as may be necessary or required to implement and effectuate the Plan Documents and to make the Plan effective.

13.     <u>Transfer and Vesting of Assets; Assumption of Obligations</u>.  On the Effective Date, without the execution of any other or further document or any further order by the Court, pursuant to Article VI of the Plan, in exchange for a portion of Gladstone's Allowed Class 3 Secured Claim, Lonestar shall (a) acquire the Business Assets free and clear of all liens, claims, interests, and encumbrances unless otherwise provided for herein or in the APA; (b) establish the General Unsecured Claims Fund; and (c) assume certain liabilities of the Debtor and the Estate as more specifically set forth in the APA.  As of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the Excluded Assets, as such term is defined in the APA, shall vest in the Liquidating Debtor, free and clear of all rights, title, interests, claims, liens, encumbrances, and charges, except as expressly set forth in the Plan.

14.     <u>Estate Claims and Estate Defenses</u>.  Upon the Effective Date, without the necessity of the execution of any further documents or further order of the Court, all Estate Claims shall be expressly, specifically, and unequivocally released and all Estate Defenses shall be deemed as fully, completely and irrevocably transferred to, and vested in, the Liquidating Debtor.  From and after the Effective Date, the Liquidating Debtor shall have the exclusive standing and authority to assert, prosecute, collect, compromise and settle all Estate Defenses pursuant to the terms of the Plan.

15.     <u>Treatment of Executory Contracts and Unexpired Leases</u>.  The Executory Contract and Unexpired Lease provisions of Article X of the Plan, as modified herein**,** are hereby approved in their entirety.  The assumption of Executory Contracts and Unexpired Leases as set forth in the Plan and this Order are hereby approved.  Any defaults that exist under any Executory Contracts and Unexpired Leases being assumed shall be paid by the Debtor under section 365(b) of the Bankruptcy Code and pursuant to the Plan as a condition to the assumption of such Executory Contracts and Unexpired Leases.  All other Executory Contracts and Unexpired Leases that have not been previously assumed or rejected shall be deemed as rejected as of the Effective Date in accordance with the terms of the Plan.  All

Rejection Claims must be filed within the time specified in section 10.03 of the Plan, failing which any such Rejection Claim shall be forever barred and precluded from receiving any Distribution pursuant to the Plan.

      16.    <u>Compromise and Settlement</u>.  Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration of the classification, potential Distributions and other benefits provided under the Plan, the provisions of the Plan, including the Plan Settlement, shall constitute a good faith compromise and settlement of all Claims, Interests and controversies subject to, or dealt with, under the Plan, including, without limitation, all Claims against the Debtor or Estate arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, fixed or contingent, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtor or the Estate.  The entry of this Order constitutes the Court's approval of each of the foregoing compromises or settlements embodied in the Plan, including the Plan Settlement and all other compromises and settlements provided for in the Plan, as well as a finding by the Court that such compromises and settlements are in the best interest of the Debtor, the Estate, holders of Claims and Interests, and other parties-in-interest, and are fair, equitable, within the range of reasonableness and made in exchange for reasonably equivalent consideration.  The rights afforded in the Plan and the treatment of all Claims and Interests therein are in exchange for, and in complete satisfaction and release of, all Claims and Interests of any nature whatsoever against and in the Debtor, the Estate, and the Assets.  Except as otherwise provided in the Plan or this Order, all Persons shall be precluded and forever barred by the Plan Injunction from asserting against the Debtor and its affiliates, successors, assigns, the Liquidating Debtor or the Liquidating Debtor's assets, the Estate, or the Assets, any event, occurrence, condition, thing, or other or further Claims or causes of action based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective

Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

17.    <u>Discharge</u>.  Notwithstanding anything to the contrary in the Plan, pursuant to Section 1141(d)(3), the Debtor shall not be granted a discharge.

18.    <u>Injunctions</u>.  The following injunction provisions set forth in Article XII of the Plan are hereby approved and authorized in their entirety:

(a)    **Permanent Plan Injunction:**

**ALL PERSONS SHALL BE PRECLUDED AND FOREVER BARRED BY THE PLAN INJUNCTION FROM ASSERTING AGAINST THE DEBTOR AND ITS AFFILIATES, SUCCESSORS, ASSIGNS, THE LIQUIDATING DEBTOR, THE LIQUIDATING DEBTOR'S ASSETS, THE ESTATE, THE BUSINESS ASSETS, GLADSTONE OR LONESTAR, ANY EVENT, OCCURRENCE, CONDITION, THING, OR OTHER OR FURTHER CLAIMS OR CAUSES OF ACTION BASED UPON ANY ACT, OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED OR CAME INTO EXISTENCE PRIOR TO THE EFFECTIVE DATE, WHETHER OR NOT THE FACTS OF OR LEGAL BASES THEREFORE WERE KNOWN OR EXISTED PRIOR TO THE EFFECTIVE DATE.**

The above injunction (hereinafter the "<u>Permanent Plan Injunction</u>") is an integral term of this Order and shall be fully binding upon, and enforceable against, all Persons through and as a part of this Order.  Furthermore, notwithstanding anything to the contrary in the Plan or this Order, the above Permanent Plan Injunction is permanent and shall not expire upon the occurrence of any event that causes the Temporary Plan Injunction to expire.

19.    Notwithstanding anything to the contrary in the Plan or this Order, nothing in the Plan or in this Order shall discharge, release, enjoin or otherwise bar (a) any liability of the Debtor, the Estate, the Debtor Releases, the Gladstone Releases the Liquidating Debtor, or the Liquidating Debtor's assets ("<u>Released Parties</u>") to a Governmental Unit arising on or after the Confirmation Date with respect to events occurring after the Confirmation Date, provided that the Released Parties reserve the right to assert that any such liability is a Claim that arose on or prior to the Confirmation Date and constitutes a Claim that is subject to the deadlines for filing proofs of Claim, (b) any liability to a Governmental Unit that is not a Claim subject to the deadlines for filing proofs of Claim, (c) any valid right of setoff or recoupment of a Governmental

Unit, and (d) any police or regulatory action by a Governmental Unit unless otherwise expressly agreed to by such Governmental Unit in this Order. In addition, nothing in the Plan or this Order discharges, releases, precludes or enjoins any environmental liability to any Governmental Unit that any Person other than the Released Parties would be subject to as the owner or operator of the property after the Effective Date. For the avoidance of any doubt, nothing in this paragraph shall be construed to limit the application of the Plan Injunction to any Claim which was subject to any bar date applicable to such Claim.

20. <u>Exculpation</u>. The exculpation provisions set forth in section 14.06 of the Plan are hereby approved in all respects with the added clarification that, notwithstanding anything to the contrary in the Plan, no exculpation or release shall be granted that is in violation of Fifth Circuit authority, including *Pacific Lumber* and that no exculpation shall be granted that contravenes any professional ethical obligations of the Exculpated Parties. For the avoidance of doubt, any exculpation granted under the Plan shall not be used in support of a final fee application or as a defense to any objection to a final fee application.

21. <u>Priority and Secured Tax Claims</u>. The treatment of Priority Tax Claims and Secured Tax Claims is specified in the Plan. Nothing in the Plan or this Order shall modify or affect the Lien rights of a Taxing Authority under applicable non-bankruptcy law. In the event of a default on the payment of a Priority Tax Claim or Secured Tax Claim under the Plan, the Taxing Authority to which the payment is owed may pursue all administrative and judicial remedies under applicable law to collect the unpaid Priority Tax Claim or Secured Tax Claim.

22. <u>Injunctions and Automatic Stay</u>. The automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in effect until the Effective Date as to the Debtor and all Assets. Upon the Effective Date, all injunctions or stays provided for in this Bankruptcy Case under sections 105 and 362 or otherwise in existence on the Effective Date shall terminate, and the Plan Injunction shall become effective immediately without the necessity of further order by the Court.

23. <u>Setoffs</u>. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing in the Plan or this Confirmation Order shall discharge, release, impair, enjoin, or otherwise preclude any holder of a Claim or any current or former party to an executory contract or unexpired lease to assert any right of setoff, subrogation, or recoupment that such holder or party may have under applicable law.

24. <u>Recoupment</u>. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing shall modify the rights, if any, of the Debtor, or any Creditor, Interest Holder or party-in-interest, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law.

25. <u>Preservation of Causes of Action</u>. Article VIII of the Plan contains a specific and unequivocal release of Estate Claims and reservation Estate Defenses as required under applicable Fifth Circuit authority. The Estate Claims are specifically, and unequivocally released and Estate Defenses are expressly, specifically, and unequivocally retained, reserved and preserved pursuant to Article VIII of the Plan in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. Such release of the Estate Claims and reservation of the Estate Defenses is hereby approved. **No person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any cause of action against them as any indication that the Debtor or the Liquidating Debtor will not pursue any and all available causes of action (including all Estate Claims, Estate Defenses and Avoidance Actions) against any Person, <u>except</u> as otherwise provided in the Plan.** Unless any causes of action against a Person are expressly waived, relinquished, exculpated, released, compromised or settled in the Plan or a Final Order, such causes of action are hereby expressly reserved, retained and preserved (including all Estate Claims, Estate Defenses and Avoidance Actions) for later adjudication and, therefore, no preclusion doctrine, <u>including without limitation</u>, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable

or otherwise) or laches, shall apply to such causes of action upon or after the confirmation or consummation of the Plan.

26.      Unless otherwise expressly stated in the Plan or this Order, all Estate Defenses are hereby reserved, retained and preserved for the benefit of the Liquidating Debtor notwithstanding the occurrence of the Effective Date or the rejection or repudiation of any Executory Contract or Unexpired Lease during the Bankruptcy Case or pursuant to the Plan.  All such reserved, retained and preserved Estate Defenses shall be vested with the Liquidating Debtor and the Liquidating Debtor shall have the exclusive right, authority and standing to assert, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment each of the Estate Defenses so reserved, retained and preserved in accordance with the terms of the Plan without the consent or approval of any third party or further notice to or action, order or approval of the Court.

27.      <u>Subordinated Claims</u>.  The allowance, classification and treatment of all Allowed Claims and Interests and the respective Distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, the Bankruptcy Code, or otherwise.  Pursuant to section 510 of the Bankruptcy Code, the Liquidating Debtor reserves the right to seek to re-classify any Allowed Claim or Interest in accordance with any contractual, legal or equitable subordination relating thereto.

28.      <u>Release of Liens</u>.  Except as otherwise provided in the Plan, this Order, or in any contract, instrument, or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date all Liens against any Assets transferred to and vested in the Liquidating Debtor are hereby deemed to be released, terminated and nullified without the necessity of further order of this Court.

29.     <u>Provisions Governing Distributions</u>.  The distribution provisions of Article VII of the Plan shall be, and hereby are, approved in their entirety.  The Liquidating Debtor shall make all Distributions required under the Plan unless otherwise specified under the Plan.

30.     <u>Procedures for Resolving Contested and Contingent Claims</u>.  The Claims resolution procedures contained in Article IX of the Plan shall be, and hereby are, approved in their entirety.

31.     <u>Section 1145 Exemption</u>.  The solicitation of acceptances and rejections of the Plan was exempt from the registration requirements of the Securities Act of 1933 and applicable state securities laws, and no other nonbankruptcy law applies to the solicitation.

32.     <u>Exemption from Certain Transfer Taxes and Recording Fees</u>.  Section 1146(a) shall apply to the transfers of Assets pursuant to the Plan and, therefore, such transfers may not be taxed under any law imposing a stamp tax or similar tax.

33.     <u>Governmental Approvals Not Required</u>.  This Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

34.     <u>Allowance and Payment of Certain Administrative Expense Claims</u>

(a)     <u>Administrative Expense Claims (Generally)</u>.  The holder of a Claim for an Administrative Expense, other than (i) such a Claim by an Estate Professional, (ii) an Ordinary Course Claim, (iii) a Claim for U.S. Trustee fees under 28 U.S.C. § 1930, or (iv) an Allowed Administrative Expense, must file with the Court and serve upon the Liquidating Debtor and its counsel, as set forth in the Plan, a written notice of such Claim for an Administrative Expense within thirty (30) days after the Effective Date (the "<u>Administrative Bar Date</u>").  Such notice of Claim for an Administrative Expense shall include at a minimum: (i) the name, address,

telephone number and fax number (if applicable) or email address of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. ***Failure to timely and properly file and serve such request by the Administrative Bar Date shall result in such Claim for an Administrative Expense being forever barred and discharged and the holder thereof shall be barred from receiving any Distribution from the Liquidating Debtor on account of such Claim for an Administrative Expense.*** A Claim for an Administrative Expense with respect to which a notice of Claim for an Administrative Expense has been timely and properly filed and served shall become an Allowed Administrative Expense if no objection is filed within thirty (30) days after the date of filing and service of the applicable notice of Claim for an Administrative Expense, or such later date as may be approved by the Court on motion of a party in interest, without notice or a hearing. If an objection is filed within such 30-day period (or any extension thereof), the Claim for an Administrative Expense shall become an Allowed Administrative Expense only to the extent allowed by a Final Order.

(b)     Estate Professional Compensation. All final requests for compensation or reimbursement by any Estate Professional shall be filed no later than sixty (60) days after the Effective Date in accordance with the Plan. A Claim for an Administrative Expense by an Estate Professional in respect of which a final fee application has been properly filed shall become an Allowed Administrative Expense only to the extent allowed by a Professional Fee Order and, if so Allowed, shall be paid in accordance with the terms of the Plan or as otherwise agreed as between the Debtor, Liquidating Debtor and such Estate Professional.

(c)     U.S. Trustee Fees. After the Confirmation Date, the Liquidating Debtor shall continue to pay U.S. Trustee fees as they accrue until a final decree is entered and the Bankruptcy Case is closed.

35.     Effectuating Documents and Further Transactions. The Debtor and the Liquidating Debtor, and their respective representatives, agents and attorneys, may take all actions to execute, deliver, file, or record such contracts, instruments, releases, and other

agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan without the need for any approvals, authorizations, actions, or consents except for those expressly required pursuant hereto. This Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, agreements, any amendments or modifications thereto and any other acts and transactions referred to in or contemplated by the Plan, the Plan Documents, the Disclosure Statement, and any documents, instruments, and agreements and any amendments or modifications thereto.

36.     <u>Filing and Recording</u>.  This Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments. Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Order.

37.     <u>Inconsistency between Documents</u>.  In the event of an inconsistency between the terms of the Plan and the terms of the Disclosure Statement, the Plan shall control.  In the event of any inconsistency between the terms of the Plan or the terms of the Disclosure Statement and the terms of this Order, this Order shall control.

38.     <u>References to Plan Provisions</u>.  The failure specifically to include or to refer to any particular article, section, or provision of the Plan or any related document in this Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan and any related documents be confirmed in their entirety.

39.     <u>Applicable Nonbankruptcy Law.</u>  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of the Plan and this Order shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

40.     <u>Notice of Entry of the Confirmation Order</u>.  No later than the third Business Day after the entry of this Order, the Debtor shall serve a copy of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all holders of Claims and Interests, the U.S. Trustee, and all other known parties-in-interest.

41.     <u>Binding Effect</u>.  The provisions of the Plan and this Order shall be binding upon the Debtor, the Liquidating Debtor, all Creditors, Interest holders, any other party in interest or Person making an appearance in this Bankruptcy Case, as well as their respective heirs, successors, assigns, affiliates, agents, representatives and similar officers or any Person claiming by, through or in the right of any such Person.

42.     <u>Conditions Precedent to the Effective Date</u>.  The Plan shall not become effective until the Conditions Precedent have been satisfied or waived, as determined by the Debtor in the exercise of its sole discretion.  Any of the Conditions Precedent may be waived by the Debtor in the exercise of its sole discretion by filing the Notice of Effective Date as required below.

43.     <u>Notice of the Effective Date</u>.  No later than the third Business Day after the occurrence of the Effective Date, the Liquidating Debtor shall file a notice of occurrence of the Effective Date with the Clerk of the Court and shall serve a copy on all holders of Claims and Interests, the U.S. Trustee, and all other known parties-in-interest.  Such notice shall include notice of (a) the Administrative Bar Date, (b) the deadline for filing Rejection Claims set forth in section 11.03 of the Plan, and (c) the deadline for filing final requests for compensation and reimbursement by Estate Professionals.  The filing of such notice shall conclusively establish that all conditions precedent have been satisfied or waived and shall constitute adequate and sufficient notice to all parties entitled thereto of the occurrence of the Effective Date.

44. <u>Notice</u>. Any notice or communication required or permitted by the Plan or this Order shall be given, made or sent as follows:

(a) If to a Creditor, notice may be given as follows: (i) if the Creditor has not filed a proof of Claim, then to the address reflected in the Schedules, or (ii) if the Creditor has filed a proof of Claim, then to the address reflected in the proof of Claim.

(b) If to the Liquidating Debtor or any successor to the Liquidating Debtor notice shall be sent to the following addresses:

| | |
|---|---|
| Jeff P. Prostok | Charles S. Deutchman |
| Dylan T.F. Ross | Shared-Management |
| Forshey Prostok LLP | Resources |
| 777 Main Street, Suite 1550 | 28026 Gates Mills Boulevard, |
| Fort Worth, Texas 76102 | Pepper Pike, Ohio 44124 |
| jprostok@forsheyprostok.com | Cdeutchman@shrmgtres.com |
| dross@forsheyprostok.com | |

(c) If to the Lonestar or any successor to the Lonestar, notice shall be sent to the following addresses:

| | |
|---|---|
| Jeff Leaverton | Lonestar EMS, LLC |
| Padfield & Stout, LLP | c/o Gladstone Capital Corporation |
| 420 Throckmorton Street, Suite 1210 | 1521 Westbranch Drive, Suite 100 |
| Fort Worth, Texas 76102 | McLean, Virginia 22102 |
| jleaverton@padfieldstout.com | Eric.Maloy@gladstonecompanies.com |

(d) Any Creditor desiring to change its address for the purpose of notice may do so by giving notice to the Liquidating Debtor of its new address in accordance with the terms of this section.

(e) Any notice given, made or sent as set forth above shall be effective upon being (i) deposited in the United States Mail, postage prepaid, addressed to the addressee at the address as set forth above; (ii) delivered by hand or messenger to the addressee at the address set forth above; (iii) emailed to the addressees as set forth above, with a hard confirmation copy being immediately sent through the United States Mail; or (iv) delivered for transmission to an expedited or overnight delivery service such as FedEx.

45. <u>Retention of Jurisdiction</u>. The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising in, arising under, and related to, the Bankruptcy Case, including the matters set forth in Article XIII of the Plan and section 1142 of the Bankruptcy Code. Without limitation as to the generality of the preceding sentence, the Court retains exclusive jurisdiction (a) to interpret and enforce this Order and the Plan; (b) to enforce the provisions of this Order and the Plan; (c) to resolve any disputes arising under or related to this Order or the Plan; and (d) over all transactions contemplated in this Order and the Plan. All Persons are hereby forever prohibited and enjoined from taking any action (including, without limitation, legal action) that would adversely affect or interfere with the ability of any Person to complete any of the transfers of property contemplated by this Order and the Plan other than in this Court or in connection with any appeals from this Court.

46. <u>Headings</u>. Paragraph headings contained in this Order are for convenience of reference only and shall not affect the meaning or interpretation of this Order.

47. <u>Final Order</u>. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

48. <u>Appeal or Motion for Reconsideration; Reversal.</u> In the event this Order is appealed or a motion for reconsideration is filed, the Debtor and the Liquidating Debtor, and their respective representatives, agents and attorneys, are all hereby authorized to proceed with the consummation and performance of the Plan unless and until this Order is stayed, reversed or modified by a court of competent jurisdiction. If any or all of the provisions of this Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court of competent jurisdiction, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's or Liquidating Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Order, any such act or obligation incurred or

undertaken pursuant to, and in reliance on, this Order prior to the effective date of such

reversal, modification or vacatur shall be governed in all respects by the provisions of this Order

and the Plan (including the Plan Documents) and any amendments or modifications thereto.

### END OF ORDER ###